IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EDGAR CINTORA-GONZALEZ, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:12-CR-0078-ODE-RGV-3 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:15-CV-3187-ODE-RGV |

### FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Edgar Cintora-Gonzalez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 328], the government's response, [Doc. 335], and Cintora-Gonzalez's reply, [Doc. 339]. For the reasons that follow, it is **RECOMMENDED** that Cintora-Gonzalez's § 2255 motion be dismissed as time barred.

### I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a nine count indictment against Cintora-Gonzalez and five co-defendants, charging Cintora-Gonzalez in Count One with conspiracy to distribute at least 500 grams of methamphetamine and at least 5 kilograms of cocaine, in violation of 21 U.S.C.

§§ 846, 841(b)(1)(A)(viii), and (b)(1)(A)(ii); in Count Two with possession with intent to distribute cocaine, in violation of §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; in Count Three with possession with intent to distribute methamphetamine, in violation of §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; in Count Four with possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(B)(i), and 2; in Count Six with possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2); and in Count Eight with possession of counterfeit federal reserve notes, in violation of 18 U.S.C. § 472. [Doc. 49]. Represented by court appointed counsel John R. Lovell ("Lovell"), Cintora-Gonzalez entered a negotiated guilty plea to Counts Two, Three, Four, and Six. [Docs. 84, 113, 155]. The Court imposed a total sentence of 140 months of imprisonment. [Doc. 201]. Cintora-Gonzalez appealed, [Doc. 208], and on September 17, 2013, the United States Court of Appeals for the Eleventh Circuit dismissed the appeal pursuant to the valid appeal waiver contained in Cintora-Gonzalez's negotiated plea agreement, [Doc. 288].

Approximately one and a half years later, the government and Cintora-Gonzalez filed a joint motion for a sentence reduction based on United States Sentencing Guidelines Amendment 782. [Doc. 311]. On June 24, 2015, the Court granted the

2

motion under 18 U.S.C. § 3582(c)(2) and reduced Cintora-Gonzalez's sentence to 138 months of imprisonment. [Doc. 316].

Cintora-Gonzalez filed this pro se § 2255 motion on August 31, 2015.[1] [Doc. 328 at 5, 20]. As grounds for relief, Cintora-Gonzalez asserts that he received ineffective assistance of counsel when Lovell (a) failed to translate the plea agreement from English into Spanish, (b) assured him that he would receive a sentence of no more than 101 months of imprisonment, (c) promised him that he would receive a three level reduction for acceptance of responsibility, (d) failed to assert a claim that his rights under the Vienna Convention were violated, (e) failed to obtain and discuss with him information about confidential informants, (f) failed to review the presentence investigation report with him before sentencing, (g) failed to file a detailed sentencing memorandum requesting a down departure based on his minor role in the offense, (h) failed to object to a consecutive sentence for the firearm count, and (i) coerced him to plead guilty by promising him a sentence no greater than 101 months and a minor

---

[1] Pursuant to the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing. 28 U.S.C. foll. § 2255, Rule 3(d); see also Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent evidence to the contrary, the Court assumes that the motion was delivered to prison authorities on the day the prisoner signed it. Washington, 243 F.3d at 1301.

3

role reduction. [Doc. 328 at 15-17]. The government responds that Cintora-Gonzalez's motion is time barred and that his claims lack merit. [Doc. 335]. In his reply, petitioner reasserts the merits of his claims, but does not address the government's argument that his § 2255 motion is untimely. [Doc. 339].

## II. DISCUSSION

A § 2255 motion is subject to a statutory one-year limitation period, which runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In this case, there is no claim that the circumstances set forth in subparagraphs (2) through (4) of § 2255(f) apply.

4

Cintora-Gonzalez's conviction became final, for purposes of § 2255(f)(1), on December 16, 2013, ninety days after the Eleventh Circuit dismissed his appeal.[2] See Clay v. United States, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); Sup. Ct. R. 13(1) (providing that a petition for a writ of certiorari must be filed within ninety days after the entry of judgment). Because Cintora-Gonzalez did not file his § 2255 motion until August 31, 2015, approximately one year and eight months after his conviction became final, it is not timely under § 2255(f)(1).

Cintora-Gonzalez does not contend that he is actually innocent and has not alleged extraordinary circumstances that might excuse the late filing of his § 2255 motion. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928, 1936 (2013) (A plea of actual innocence can overcome the one-year limitations period for filing a federal habeas corpus action if the movant "presents 'evidence of innocence so strong that a

---

[2] Cintora-Gonzalez's June 24, 2015, sentence reduction under § 3582(c)(2) does not affect this calculation. See Murphy v. United States, 634 F.3d 1303, 1309 (11th Cir. 2011) ("[A] district court's reduction of a term of imprisonment under [§ 3582] has no impact on the finality of a defendant's judgment of conviction and does not alter the date on which the judgment of conviction becomes final for the purposes of the statute of limitations.") (citation and internal quotation marks omitted).

5

court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" (citing <u>Schlup v. Delo</u>, 513 U.S. 298, 316 (1995)); <u>Outler v. United States</u>, 485 F.3d 1273, 1280 (11th Cir. 2007) (per curiam) ("The statute of limitations can be equitably tolled where a petitioner 'untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'") (citation omitted). Accordingly, this § 2255 motion is due to be dismissed as untimely.

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner

or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  Because the dismissal of Cintora-Gonzalez's § 2255 motion as time barred is not debatable by jurists of reason, the undersigned recommends that he be denied a COA.

### IV.  CONCLUSION

For the foregoing reasons,  **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 328], be **DISMISSED** as time barred and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**IT IS SO RECOMMENDED**, this 23rd day of November, 2015.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE